# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

MICHAEL D. BRANDNER

                Defendant.

Case No. 3:13-cr-00103-SLG-1

## ORDER RE MISTRIAL

Before the Court at Docket 178 is the Government's Motion for Mistrial, filed January 26, 2015. Dr. Brandner opposed the motion on February 2, 2015.[1] For the reasons set forth below, the motion will be granted.

## BACKGROUND

A jury trial was commenced in this case on November 3, 2014, with twelve jurors and two alternates selected. One juror was excused due to a medical condition on November 6, 2014, leaving one remaining alternate.

Between November 3 and November 17, 2014, seven days of trial were held.[2] However, on the evening of November 17, Dr. Brandner's counsel was unexpectedly hospitalized. On November 18, Dr. Brandner appeared without counsel at Court along with defense counsel's trial assistant; his counsel was then hospitalized in intensive care

---

[1] Docket 181 (Opp.).

[2] Due to a family emergency, the Court did not hold trial on November 12–14, 2014.

and anticipated emergency surgery. The Court tentatively continued the trial until January 12, 2015 (the earliest available date for the Court and parties after an estimated time for defense counsel's surgery and recovery), set a status hearing for November 25, and appointed the Federal Public Defender to temporarily represent Dr. Brandner at the status hearing. The Court expressed its concern as to whether the impaneled jurors would reasonably be able to recall the evidence presented in November upon resuming trial eight weeks later. At the November 25 hearing, defense counsel appeared telephonically, provided an update of his medical status and notified the Court that he required additional medical treatment. The Court noted Dr. Brandner could complete the standard financial affidavit if he sought for new counsel to be appointed, and, if financially unable to afford counsel, could have the Federal Public Defender appointed for trial. However, to date Dr. Brandner has elected to continue to be represented by his original trial counsel. Thereafter, defense counsel underwent surgery and his medical condition has continued to prevent him from resuming trial. The Court has stayed informed as to counsel's physical condition and has granted additional continuances. As of the date of this order, trial is set to resume on February 10, 2015—approximately 12 weeks after the last presentation of testimony to the currently impaneled 13 jurors. The Government has estimated that it will require up to two more full days of trial to conclude its case and defense counsel estimated that its evidence presentation will require up to five full days.

    Dr. Brandner has opposed the Government's motion for mistrial. He also moves the Court to grant an additional continuance due to his counsel's medical condition and

requests that trial resume on March 9 or March 16, 2015.[3] The result of granting such a continuance would be a delay of at least 16 weeks since the last presentation of testimony.

## DISCUSSION

### I. Mistrial Standard

A criminal defendant has a right to have the jury first impaneled to try him reach a verdict.[4] As a result, "[i]f a case is dismissed after jeopardy attaches but before the jury reaches a verdict, a defendant may be tried again for the same crime only in two circumstances: (1) if he consents to the dismissal; or (2) if the district court determines that the dismissal was required by 'manifest necessity.'"[5] The manifest necessity exception applies whenever the judge believes to a "high degree" that a new trial is needed. A deadlocked jury is the classic case of such a necessity.[6]

Although a determination of manifest necessity is reviewed for abuse of discretion, the Ninth Circuit applies varying levels of deference to the trial court's determination of this issue depending on the circumstances.[7] Where there is evidence that the government has sought a mistrial for tactical advantage, the case is reviewed with the "strictest scrutiny."[8] But "where the judge's determination is based on his or her own

---

[3] Docket 181 (Opp.) at 4.

[4] *United States v. Chapman*, 524 F.3d 1073, 1080–81 (9th Cir. 2008) (citing *United States v. Bates*, 917 F.2d 388, 392 (9th Cir. 1990)).

[5] *Id.* at 1081 (quoting *United States v. Bonas*, 344 F.3d 945, 948 (9th Cir. 2003)).

[6] *Arizona v. Washington*, 434 U.S. 497, 505–06, 509 (1978).

[7] *Chapman*, 524 F.3d at 1082.

[8] *Id.*

observations and personal assessment that a fair trial would be impossible, that view must be given special deference."[9]

A trial court's consideration of a mistrial is governed by Federal Rule of Criminal Procedure 26.3, which provides in full

> Before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives.

## II. Alternatives to Mistrial

The Court has considered the briefing of both parties and the possible alternatives to a mistrial, including those suggested by counsel.

In this case, defense counsel's unanticipated and serious illness has resulted in a significant delay in the midst of trial. That delay has a considerable impact on the presentation of evidence to the current jurors, who will be at least 18 weeks removed from the parties' opening statements and 16 weeks removed from the last testimony in this case if the Court grants Dr. Brandner's newest motion for a continuance. The Court has discussed with counsel, on record, the possible use of joint or separate summary presentations of the evidence that was previously presented to the jury when the trial resumes in an effort to refresh the jury's recollection. However, the Court concludes that such an approach cannot adequately refresh the jurors' recollection after such a long delay. Moreover, in the process of identifying to the jury that evidence that each side considers to be most important, there is significant risk that counsel's mid-trial summaries could improperly influence the jurors' consideration of the evidence that was previously

---

[9] *Id.* (citing *Washington*, 434 U.S. at 510–11).

presented and the jurors' consideration of the evidence that is yet to be presented. Due to the considerable time lapse since the first several days of trial, the Court is fully persuaded that a refresher presentation of last year's evidence would not adequately or fairly substitute for the timely presentation of all evidence and would not adequately allow jurors to "make [their] decision based on what [they] recall of the evidence," as is their charge.[10] As such, the Court finds that with the length of delay, that approach is simply not a reasonable alternative to a mistrial in these circumstances.

Likewise, the wholesale provision of seven days of trial transcripts to the jury is not a viable option given the potential for the jurors to overemphasize particular testimony, substitute the transcript for their recollection of testimony, and rely upon transcribed testimony without the benefit of in-person credibility assessments that are no longer fresh in the jurors' minds.[11] Only transcripts of the November trial proceedings are available at this juncture—the jury cannot see and hear the witnesses' testimony again as presented to them in November. And even if permitting the parties to re-examine some or all of the witnesses in open court on topics to which they have already testified were feasible, doing

---

[10] 9th Cir. Model Criminal Jury Instructions § 1.9; *but see United States v. McGee*, 612 F.3d 627, 632–35 (7th Cir. 2010) (noting cases and ABA studies on mid-trial summaries and finding no error in a brief factual summary by the prosecution after a weekend break in trial).

[11] *See United States v. Hernandez*, 27 F.3d 1403, 1408 (9th Cir. 1994) (noting that "in the privacy of a jury room, a jury, unsupervised by the judge, might repeatedly replay crucial moment of testimony before reaching a guilty verdict" but also that "there are circumstances under which it is not an abuse of discretion to allow a jury to review a transcript during deliberation") (internal citations and quotation marks omitted).

so would clearly convey an advantage to the government by permitting it to again present to the same jury the same witnesses that it has already presented once to them.[12]

The effect of long mid-trial delays has been considered in several circuits. In *United States v. Smith*, the Fourth Circuit considered whether a trial court abused its discretion in declining to grant a mistrial because of a 32-day hiatus between the presentation of the prosecution and defense cases that occurred as a result of the defendants' illness.[13] The court considered the impact on a jury, noting that "[a]s events move further to the past they may be lost through the foibles of memory or they may become fixed as an accepted reality, depending on the impression of the event. Longer trials only intensify this problem."[14] Although the court concluded that the trial judge had taken adequate steps to mitigate potential prejudice in that case, the court noted that "the [32 day] hiatus was a long one for a jury trial and can be tolerated only as a rare exception."[15] In *United States v. Chapman*, the Ninth Circuit noted that a trial judge's determination that a jury's attention span could not withstand a delay of between two and four weeks was due substantial deference in determining the appropriateness of a mistrial. Here, the Court faces a delay of far greater duration, and in the Court's assessment no adequate steps can be taken to mitigate the difficulties inherent in the jury's ability to fairly recall and consider the evidence presented last year as well as fairly recall consider all of the additional evidence yet to be presented.

---

[12] *See id.* (noting the Ninth Circuit's preference for re-examination over the provision of trial transcripts).

[13] 44 F.3d 1259, 1267–68 (4th Cir. 1995).

[14] *Id.* at 1268.

[15] *Id.*

3:13-cr-00103-SLG-1, *United States v. Brandner*
Order re Mistrial
Page 6 of 9

Dr. Brandner raises several arguments as to why, notwithstanding the long delay in this case, a mistrial is unnecessary. He asserts that in the interest of judicial economy, a mistrial should be avoided so as to preserve the time and resources used by the Court for the trial up to this point.[16] But the Court finds that the need for a fair trial far outweighs any concerns of judicial economy in this circumstance. Dr. Brandner also asserts that the Court could inquire of the jurors as to the state of their memories and to what extent a recapitulation of the evidence would be helpful to them.[17] The Court has carefully considered this option but determined that the delay in this case is so long that such an exercise and further inconvenience and uncertainty to the currently impaneled jurors is simply unwarranted. Dr. Brandner further suggests that the effect of the present and additional delays does not prejudice either party as "both will face the same burden in seeking to refresh the jurors' recollection of what they have heard and seen before."[18] But prejudice to one party in a hypothetical re-presentation of evidence is only part of the larger concern—the Court's primary concern is that given the very long a delay that has already occurred, the jurors will be largely unable to rely on their own memories of the evidence previously presented so as to reach a fair verdict.

The Court has also considered Dr. Brandner's suggestion that an expanded opportunity for rebuttal or surrebuttal testimony would sufficiently cure any evidentiary matters of "lingering uncertainty."[19] But "[t]he proper function of rebuttal evidence is 'to

---

[16] Docket 181 (Opp.) at 3–4.

[17] *Id.* at 4.

[18] *Id.* at 3.

[19] *Id.*

3:13-cr-00103-SLG-1, *United States v. Brandner*
Order re Mistrial
Page 7 of 9

contradict, impeach, or defuse the impact of the evidence offered by an adverse party.'"[20] As such, reexamining witnesses to revisit earlier testimony would be inappropriate and would generate the same unacceptable advantage to the government as permitting the re-examination of witnesses who previously testified in the government's case-in-chief.

In light of the severe difficulties associated with each of the alternatives discussed above, the Court concludes that a fair trial would be impossible with the current jury and that a mistrial is the only reasonable option available at this point to ensure a fair trial.

### III. Advantage to the Government Through Mistrial

The Government has moved the Court for a mistrial. Dr. Brandner asserts that the Government seeks a tactical advantage by this motion. He suggests that because the Government moves for mistrial now instead of immediately upon learning that the January 12, 2015 trial date would be postponed implies that in the interim, the Government has concluded that it gains an advantage through mistrial.[21] But the Government is not responsible for the lengthy delay in this trial. The Court sees no indication that the Government has some tactical plan at work in light of the cause of the delay and the Government's conduct following the cessation of trial on November 18. The Government has not opposed the continuances granted up to this point, and has fully explored and presented alternatives to a mistrial prior to the filing of this motion.[22] The Court finds that the Government's motion reflects the same concern that leads the Court to conclude that

---

[20] *United States v. Grintjes*, 237 F.3d 876, 879 (9th Cir. 2001) (quoting *United States v. Papia*, 560 F.2d 827, 848 (7th Cir. 1977)).

[21] Docket 181 (Opp.) at 2.

[22] *See* Docket 163 (Br. on Interim Summary of Witness Testimony).

a mistrial is the only appropriate action at this point, given the effect on the jury of the lengthening gap between the presentation of evidence in November and the resumption of trial.[23]

## CONCLUSION

In light of the significant delay in trial proceedings in this case, the considerable effect that the delay will have on the jury's ability to recall all of the evidence presented, and the lack of any reasonable alternative that would permit the current jury to fairly consider all of the evidence, the Court finds, to a high degree and based on its own observations and personal assessment, that dismissal of the current jury is required by manifest necessity because a fair trial cannot be concluded with the current jury. Therefore, IT IS ORDERED that:

1. The Government's Motion for Mistrial at Docket 178 is GRANTED;

2. The scheduled date for trial to resume of February 10, 2015 is VACATED;

3. The jury currently impaneled in this case is DISCHARGED; and

4. A trial setting conference to reset the trial date shall be held on **February 19, 2015 at 3 p.m.**

DATED this 4th day of February, 2015.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[23] Dr. Brandner also suggests that the Court consider the impact of restarting trial on his ability to pay for his defense and the tactical advantage a change in counsel might provide to the Government. *Id.* at 2. The Court has carefully considered that Dr. Brandner may require new counsel, particularly given current counsel's continuing health issues, and the effect of such a change in counsel. But from the medical information filed with Dr. Brandner's opposition it is not at all clear that current counsel is very likely to be fit for trial in March, and the Court finds it necessary to discharge this jury at this time for the reasons stated above.