# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL BRANDNER,

    Defendant.

Case No. 3:13-cr-00103-SLG

## ORDER RE MOTION TO SET ASIDE VERDICT OR FOR NEW TRIAL

Before the Court is Defendant Michael D. Brandner's Motion to Set Aside the Verdict, or, in the Alternative, for New Trial (Docket 265). Dr. Brandner filed additional argument in support of the motion at Docket 266. The Government filed its opposition (Docket 269). Defendant filed a reply (Docket 270), which, although not permitted by the Local Rules unless otherwise ordered, has been considered by the Court.[1]

Defendant first seeks to set aside the verdict pursuant to Criminal Rule 29 based on the assertion that there was insufficient evidence from which a rational trier of fact could find beyond a reasonable doubt "that Dr. Brandner possessed the requisite state of mind necessary to be convicted of wire fraud and tax evasion."[2] Dr. Brandner acknowledges that the applicable standard for such a motion requires that all of the

---

[1] *See* D. Alaska Crim. R. 47.1(c).

[2] Docket 265 at 7.

evidence be viewed in the light most favorable to the prosecution, with the Court's determination limited to whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3]

Viewing all the evidence in the light most favorable to the prosecution for purposes of this motion, the Court readily concludes that there was sufficient evidence presented at trial from which a rational trier of fact could have found that Dr. Brandner possessed the requisite culpable state of mind for the wire fraud and tax evasion charges upon which the jury returned a guilty verdict. While Defendant presented a different theory to explain his actions, the evidence as detailed by the Government in its opposition demonstrates that there were more than sufficient facts from which a rational juror could find beyond a reasonable doubt the requisite mens rea under the wire fraud and the tax evasion statutes. Accordingly, the Rule 29 motion will be denied.

Dr. Brandner also moves for a new trial pursuant to Criminal Rule 33. A district court's authority to grant a new trial is much broader than its power to grant a motion for judgment of acquittal. "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."[4]

With respect to the overall sufficiency of the evidence, the Court is fully persuaded

---

[3] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Musacchio v. United States*, No. 14–1095, slip op. at 5–6, 577 U.S. __ (January 25, 2016) (reviewing court's limited determination on sufficiency review does not rest on how jury instructed where heightened jury instruction given, but solely on elements of the offense).

[4] *United States v. Alston*, 974 F.2d 1206, 1211–12 (9th Cir. 1992).

3:13-cr-00103-SLG, *USA v. Brandner*
Order re Motion to Set Aside Verdict or for New Trial
Page 2 of 8

that there was more than sufficient evidence to support the jury's verdict, even when that evidence is not viewed in the light most favorable to the prosecution for purposes of this motion. Although Mr. Saranello was certainly not a model of credibility, there was considerable other evidence that fully corroborated his testimony, including a multitude of documents and Dr. Brandner's own recorded statements.

Dr. Brandner also asserts several specific bases in support of this motion. First, Dr. Brandner asserts that his entire conversation with Matthew Sweeny should have been excluded. The Court has already addressed this issue prior to trial and is unpersuaded that the Court's Evidence Rule 403 ruling that admitted a portion of the phone call was in error.

Dr. Brandner next challenges certain jury instructions. First, he asserts that the Court erred in failing to provide an advice-of-counsel instruction. At trial, Defendant proposed that the Court give the advice-of-counsel instruction set out in Ninth Circuit Model Criminal Jury Instruction 5.9, Advice of Counsel.[5] "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence."[6] To qualify for an advice-of-counsel instruction, a defendant must show that he made a full disclosure of all material facts to his attorney and that he then relied "in good faith on the specific course of conduct recommended by the attorney."[7]

---

[5] *See* Docket 233 at 4.

[6] *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010) (quoting *United States v. Bello-Bahena*, 411 F.3d 1083, 1088–89 (9th Cir. 2005)).

[7] *United States v. Ibarra-Alcarez*, 830 F.2d 968 (9th Cir. 1987).

3:13-cr-00103-SLG, *USA v. Brandner*
Order re Motion to Set Aside Verdict or for New Trial
Page 3 of 8

On the wire fraud charges, Dr. Brandner argues that Mr. Saranello provided legal advice to Dr. Brandner, and thus the advice-of-counsel instruction should have been given, despite the fact that Mr. Saranello had been previously disbarred from the practice of law.  Defendant points to his own July 2013 declaration in the civil forfeiture case in which he stated that all of his Panamanian transactions "were done based on the advice of Colorado attorney Joseph A. Saranello."[8]  The Court finds that this statement does not constitute evidence that Dr. Brandner relied in good faith on legal advice from Mr. Saranello when the wire fraud transactions were occurring in 2008.  Rather, the evidence at trial was essentially uncontroverted that Mr. Saranello was not a licensed attorney; that he did not hold himself out to Dr. Brandner to be an attorney; and that he was not serving in the role of Dr. Brandner's legal advisor regarding the wire transactions.  Rather, like the attorney working with the defendant in the money-laundering scheme at issue in *United States v. Bush*, the Court finds that at the time of the fraudulent wire transfers, Mr. Saranello was "up to his eyeballs" in the fraudulent scheme that sought to hide marital funds from Ms. Brandner and the Alaska state court.[9]  There is no evidence in the record that Defendant was relying on Mr. Saranello in good faith in an effort to comply with the law in 2008 so as to warrant the advice-of-counsel instruction for the wire fraud charges.

Moreover, it is not error to refuse to give a proposed instruction if the other instructions, when viewed in their entirety, cover that theory.[10]  Because "advice of

---

[8] Govt. Ex. 257.

[9] *Bush*, 626 F.3d at 539.

[10] *Ibarra-Alcarez*, 830 F.2d at 973.

3:13-cr-00103-SLG, *USA v. Brandner*
Order re Motion to Set Aside Verdict or for New Trial
Page 4 of 8

counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent," the Ninth Circuit has held—in the context of securities fraud, wire fraud, and mail fraud—that a broader good-faith instruction subsumes an advice-of-counsel instruction.[11] Here, the Court instructed the jury that "good faith is a complete defense to each count of wire fraud," and that the government must prove beyond a reasonable doubt that the defendant did not act in good faith.[12] Thus, Dr. Brandner could argue that his reliance on Mr. Saranello was a "circumstance indicating good faith which the trier of fact is entitled to consider."[13] Consistent with Ninth Circuit precedent, this broader good-faith instruction subsumes Dr. Brandner's proposed instruction.[14] The fact that the additional advice-of-counsel instruction was not given on the wire fraud charges does not warrant a new trial based on the evidence in the record.

With regard to the tax evasion charges, the Court instructed the jury in accordance with Ninth Circuit Model Criminal Jury Instruction 9.42, Willfully—Defined, in lieu of an advice-of-counsel instruction.[15] The Court acknowledges that the good-faith reliance on the advice of an accountant may constitute a defense to willfulness in a tax evasion

---

[11] *Id.* (citation omitted); *Bush*, 626 F.3d at 533, 540 (finding no error when a district court declined to give an advice-of-counsel instruction where the advisor, who was an attorney, was positioned as a business partner and the court instead gave an instruction that good faith was a complete defense to charges where intent was at issue).

[12] Docket 260 at 13.

[13] *Ibarra-Alcarez*, 830 F.2d at 973.

[14] *Bush*, 626 F.2d at 540 (quoting *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961)).

[15] Docket 260 at 17.

3:13-cr-00103-SLG, *USA v. Brandner*
Order re Motion to Set Aside Verdict or for New Trial
Page 5 of 8

charge.[16] But a prerequisite to that defense is that the defendant disclose all pertinent facts to the accountant.[17] Here, there is no evidence that Dr. Brandner disclosed any pertinent facts regarding his Panamanian investments to his accountant so as to warrant a more specific instruction regarding a defense based on good-faith reliance on a qualified accountant.

Defendant also takes issue with the "merely disagreeing with the law" component of the instruction that the Court provided. But that language is directly from the Model Instruction 9.42, and is substantially similar to a phrase that has been expressly upheld by the Ninth Circuit, which may well explain the sentence's inclusion in the Model Instruction that the Court used.[18]

Defendant also challenges the Court's failure to include an instruction on the character of the Defendant. He argues that the jury should have been specifically instructed to consider evidence of Dr. Brandner's good character along with all the other evidence in the case.[19] He cites to a 2003 version of Ninth Circuit Model Criminal Jury Instruction 4.4, Character of Defendant. The Court declined to give this instruction, noting that it had been deleted from the Manual of Model Criminal Jury Instructions. The Ninth Circuit Committee commentary about the instruction observes that it need not be given "because it adds nothing to the general instructions regarding the consideration and

---

[16] *See United States v. Bishop*, 291 F.3d 1100, 1106–07 (9th Cir. 2002).

[17] *See United States v. Moran*, 493 F.3d 1002, 1014 (9th Cir. 2007); *Bishop*, 291 F.3d at 1106–07.

[18] *United States v. Powell*, 955 F.2d 1206, 1212 (9th Cir. 1992).

[19] Docket 265 at 12.

3:13-cr-00103-SLG, *USA v. Brandner*
Order re Motion to Set Aside Verdict or for New Trial
Page 6 of 8

weighing of evidence."[20] Consistent with that approach, the Court here repeatedly instructed the jury to consider all of the evidence in the case.[21] A new trial is not warranted on this basis.[22]

Dr. Brandner separately filed an additional argument to his motion at Docket 266. There, he argues that he "was deprived of his Sixth Amendment right to counsel of choice when his initial attorney of record, Mr. Randall Ensminger, was disabled by an abdominal illness that prevented him from complet[ing] the first trial and from being prepared to defend Dr. Brandner in the second trial within the time allowed by the Court."

This argument is without merit. The first trial was suspended because of Mr. Ensminger's illness on November 18, 2014. After numerous status conferences regarding Mr. Ensminger's continuing inability to resume the case, a mistrial was eventually declared on February 4, 2015. After additional status conferences, at which Mr. Ensminger reported that his health problems remained unresolved, the Court required Dr. Brandner to obtain another attorney, although the Court did not require Dr. Brandner to discharge Mr. Ensminger. When Dr. Brandner retained new counsel in June 2015, Mr. Ensminger made an oral motion to withdraw as counsel as to which Dr. Brandner voiced no objection.[23] Moreover, the Sixth Amendment right to counsel of choice is not absolute.[24] In these circumstances, the motion for a new trial or judgment of acquittal

---

[20] Ninth Circuit Criminal Pattern Jury Instruction 4.4, Character of Defendant, Comment.

[21] *See* Closing Instructions Nos. 1, 4, 8 and 28 (Docket 260 at 2, 5, and 12; Docket 261 at 14).

[22] *See United States v. Karterman*, 60 F.3d 576, 579 (9th Cir. 1995).

[23] *See* Docket 208.

[24] *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006); *Wheat v. United States*, 486

3:13-cr-00103-SLG, *USA v. Brandner*
Order re Motion to Set Aside Verdict or for New Trial
Page 7 of 8

based on Mr. Ensminger's withdrawal as counsel will be denied.

**CONCLUSION**

For the foregoing reasons, the Motion to Set Aside the Verdict, or, In the Alternative, for a New Trial at Docket 265, together with the Additional Argument filed in support of the motion at Docket 266, is DENIED.

DATED this 28th day of January, 2016 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

U.S. 153, 159 (1988); *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983).

3:13-cr-00103-SLG, *USA v. Brandner*
Order re Motion to Set Aside Verdict or for New Trial
Page 8 of 8