# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL D. BRANDNER,<br><br>    Defendant. | Case No. 3:13-cr-00103-SLG |

## ORDER REGARDING 28 U.S.C. § 2255 MOTION

Before the Court at Docket 379 is Defendant Michael D. Brandner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. At Docket 414 is Mr. Brandner's Supplemental Motion Under U.S.C. § 2255 to Vacate Conviction, which was filed by counsel. The government did not file a response to either motion.

Mr. Brandner did not request an evidentiary hearing, and the Court finds that an evidentiary hearing is not necessary because the reviewable claims are either foreclosed because "the files and records of the case conclusively show that the prisoner is entitled to no relief" or they are foreclosed as a matter of law.[1] Having considered Mr. Brandner's filings and the record in this case, the Court now makes the following findings and conclusions.

---

[1] 28 U.S.C. § 2255(b); *see also Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989).

**I. Background**

In September 2013, Mr. Brandner was indicted on seven counts of Wire Fraud.[2] In May 2014, the government filed a superseding indictment that added three counts of tax evasion.[3] Mr. Brandner's jury trial began on November 3, 2014.[4] On November 18, 2014, after seven days of trial, Mr. Brandner's lead counsel, D. Randall Ensminger, had a medical emergency and could not appear for trial.[5] The Court granted a defense motion to continue trial[6] and then held status hearings in the case on November 25, 2014[7]; December 10, 2014; and January 2, 2015.[8] At the January 2, 2015 status hearing, the defense moved to continue trial until the following month.[9] The Court instead ordered that trial recommence on January 13, 2015.[10] However, at a status hearing on January 6, 2015, the Court vacated the January 13 start of trial.[11] On January 15, the

---

[2] Docket 2.

[3] Docket 54.

[4] Docket 148 (minute entry).

[5] Docket 158 (minute entry).

[6] Docket 158 (minute entry).

[7] The Court appointed the Federal Public Defender, Richard Curtner, to represent Mr. Brandner at the November 25 status hearing. Docket 159.

[8] Docket 160; Docket 161; Docket 172 (minute entries).

[9] Docket 172 (minute entry).

[10] Docket 162.

[11] Docket 173 (minute entry).

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 2 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 2 of 15

Court held another status hearing,[12] and trial was scheduled to resume on February 10, 2015.[13]

On January 26, 2015, the government filed a motion for a mistrial.[14] The defense opposed a mistrial and moved to have the trial continued to March 2015, in light of counsel's continuing health issues.[15] The Court granted the motion for a mistrial.[16]

Mr. Brandner's second jury trial began on October 26, 2015, and he was represented by Mark Werksman.[17] After eight days of trial, the jury found Mr. Brandner guilty of seven counts and not guilty of two counts; another count was dismissed.[18] Mr. Brandner was sentenced to 48 months imprisonment.[19]

Mr. Brandner appealed his convictions and sentence, and the Ninth Circuit Court of Appeals affirmed the convictions and sentence on December 18, 2017.[20]

---

[12] Docket 174 (minute entry).

[13] Docket 175.

[14] Docket 178.

[15] Docket 181.

[16] Docket 182.

[17] Docket 243 (minute entry).

[18] Docket 256 (minute entry); Docket 262 (verdict form).

[19] Docket 368 (judgment).

[20] *United States v. Brandner*, 706 Fed. App'x 441 (9th Cir. 2017).

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 3 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 3 of 15

Mr. Brandner filed a timely 28 U.S.C. § 2255 motion, followed by a supplemental motion. The motion and supplemental motion[21] assert six ground for relief:

- **Claim 1:** Sixth Amendment violation based on a "forced change in counsel."[22]

- **Claim 2:** Sixth Amendment violation based on ineffective assistance of counsel.[23]

- **Claim 3:** Sixth Amendment violation when the trial court "refus[ed] to allow sufficient delay in starting the second trial."[24]

- **Claim 4:** Sixth Amendment violation based on ineffective assistance of counsel when second trial counsel was "not prepared for the [2015] trial and did not have time to prepare important witnesses . . . ."[25]

- **Claim 5:** Fifth Amendment violation based on a double jeopardy violation when the district court declared a mistrial "without first considering the alternative of substituting counsel."[26]

---

[21] The claims raised in the supplemental motion involve the same facts as the claims in the *pro se* motion and are similar to the issues raised in the *pro se* motion. However, the Court treats them as separate claims because they were filed by counsel and require a slightly different analysis.

[22] Docket 379 at 4.

[23] Docket 379 at 5.

[24] Docket 379 at 6.

[25] Docket 379 at 8–9.

[26] Docket 414 at 1.

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 4 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 4 of 15

- **Claim 6:** Sixth Amendment violation based on ineffective assistance of counsel when first trial counsel "failed to protect [defendant's] double jeopardy rights by arranging for substitute counsel when it became clear he could not continue as lead counsel."[27]

## II. Legal standards

Claims 2, 4, and 6 are based on alleged ineffective assistance of counsel. In order to succeed on an ineffective assistance of counsel claim, Mr. Brandner must satisfy the two-pronged test set forth in *Strickland v. Washington*, which requires him to show both deficient performance of counsel and resulting prejudice.[28] Deficient performance requires a showing that trial counsel's representation "fell below an objective standard of reasonableness" as measured by prevailing professional norms.[29] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[30] This standard applies even when the ineffective assistance claims arise out of the guilty plea process.[31] To show prejudice, Mr. Brandner must prove by a

---

[27] Docket 414 at 1.

[28] 466 U.S. 668, 687 (1984).

[29] *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

[30] *Strickland*, 466 U.S. at 689.

[31] *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 5 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 5 of 15

reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[32]

Claims 1, 3, and 5 are based on allegations of constitutional violations by the trial court. In order to succeed on these claims, Mr. Brandner must show that his convictions are a result of constitutional errors that had a "substantial and injurious effect or influence in determining the jury's verdict."[33]

Mr. Brandner carries the burden of proving he is entitled to relief.[34]

### III. Mr. Brandner had a full and fair opportunity to litigate the issues raised in Claims 1 and 3 on direct appeal.

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent section 2255 petition."[35] Thus, "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."[36]

Claims 1 and 3 allege that the trial court violated Mr. Brandner's Sixth Amendment rights by not allowing a sufficient delay before starting the second trial, which in turn deprived Mr. Brandner of trial counsel of his choice because

---

[32] *Strickland*, 466 U.S. at 694.

[33] *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

[34] *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

[35] *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *accord United States v. Davis*, 417 U.S. 333, 342 (1974).

[36] *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 6 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 6 of 15

his original trial counsel was not able to represent him at the second trial due to his ongoing health issues.[37] On direct appeal, Mr. Brandner raised a claim of a denial of his ability to have trial counsel of his choice: "The District Court violated the Sixth Amendment right to counsel by refusing to allow sufficient delay in starting the second trial."[38] Mr. Brandner specifically argued that the government and the public's right to a speedy trial did not "take precedence over Dr. Brandner's constitutional right to counsel of his own choosing."[39] The Ninth Circuit "considered Brander's . . . arguments pertaining to, *inter alia*, jury instructions and the denial of a lengthy continuance of the second trial date due to his first trial counsel's unavailability and find them either not preserved or meritless."[40]

Mr. Brandner raised the issue of the denial of counsel of his choosing—due to the trial court not granting an additional continuance—on direct appeal, and the Ninth Circuit rejected his argument. Having raised this argument "unsuccessfully on direct appeal, [Mr. Brandner] cannot now seek to relitigate it

---

[37] Docket 379 at 4, 6.

[38] Appellant's Opening Br. at 37 (Mar. 3, 2017) (Ninth Cir. Case No. 16-30103, Docket 56).

[39] *Id.* at 38; *accord* Appellant's Reply Br. at 13–15 (Aug. 28, 2017) (Ninth Cir. Case No. 16-30103, Docket 77).

[40] *United States v. Brandner*, 706 Fed. App'x at *442.

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 7 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 7 of 15

as part of a petition under § 2255."[41] As such, Claims 1 and 3 are denied as barred.

## IV. Claim 5 is procedurally defaulted.

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default.[42] A defendant who fails to raise a claim of constitutional error on direct appeal may later challenge the issue under § 2255 *only* if they demonstrate: (1) sufficient cause for the default and (2) prejudice resulting from it.[43]

Claim 5 asserts that the trial court violated Mr. Brandner's Fifth Amendment double jeopardy rights "by declaring a mistrial of Dr. Brandner's first jury trial without first considering the alternative of substituting counsel."[44] Specifically, Mr. Brandner maintains that there was no "manifest necessity" for declaring a mistrial over his objection.[45]

Although he could have done so, Mr. Brandner did not raise any double jeopardy claim on direct appeal. The Court has reviewed the briefing filed with the Ninth Circuit and finds no argument about—or even citation to—the Double

---

[41] *Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970).

[42] *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

[43] *Bousley*, 523 U.S. at 622; *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

[44] Docket 414 at 4.

[45] Docket 414 at 4.

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 8 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 8 of 15

Jeopardy Clause or the Fifth Amendment more broadly.[46] Mr. Brandner also has not addressed in his § 2255 action either cause for the default or actual prejudice. Claim 5 is denied as procedurally defaulted.

**V.    Claim 2 is vague and conclusory.**

"A convicted defendant making a claim of ineffective assistance *must identify the acts or omissions of counsel* that are alleged not to have been the result of reasonable professional judgment."[47]  In Claim 2, Mr. Brandner does not identify how he believes counsel was ineffective, and the claim is inadequately supported by facts. To the extent that Mr. Brandner asserts, in support of Claim 2, that "the refusal to grant [the] Motion to Continue the trial date from August 4, 2015 to October 19, 2015 by the Court caused [first trial counsel] to withdraw, depriving Defendant Brandner of his counsel of choice,"[48] that argument is foreclosed. *See supra*, Part III. Claim 2 is denied.

**VI.   Counsel was not ineffective for not calling certain witnesses as alleged in Claim 4.**

Claim 4 alleges that second trial counsel was "not prepared for . . . trial and did not have time to prepare important witnesses."[49]  Specifically, Mr. Brandner

---

[46] *See* Appellant's Opening Br. (Mar. 3, 2017) (Ninth Cir. Case No. 16-30103, Docket 56); Appellant's Reply Br. (Aug. 28, 2017) (Ninth Cir. Case No. 16-30103, Docket 77).

[47] *Strickland*, 466 U.S. at 690 (emphasis added).

[48] Docket 379 at 5.

[49] Docket 379 at 8.

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 9 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 9 of 15

faults trial counsel for failing to call him, his wife, and Terry Draeger as witnesses. Mr. Brandner also contends that trial counsel did not use "the strategy planned and used during the first trial, did not allow Defendant's story to be told and did not allow the favorable witnesses to support Defendant and his story."[50] Mr. Brandner bears the burden of proving that second trial counsel's trial strategy was deficient.[51] "This burden is not satisfied by a habeas petitioner's unsupported assertion that his trial counsel was ineffective for failing to call a witness who would have been willing to provide helpful testimony."[52] Mr. Brandner did not submit affidavits from the prospective witnesses to set forth what testimony they would have given had they been called as witnesses at the second trial.[53]

Even assuming that Mr. Brandner had proved that the witnesses would testify as he describes, he would still not have proved ineffective assistance of counsel. The Court has reviewed the declarations of first trial counsel, of Mr.

---

[50] Docket 379 at 9.

[51] *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009).

[52] *Sanchez v. Neuschmid*, Case No. 218CV02947DSFMAA, 2021 WL 1192001, at *11 (C.D. Cal. Feb. 17, 2021), report and recommendation adopted sub nom. *Sanchez v. Matteson*, Case No. 218CV02947DSFMAA, 2021 WL 1577825 (C.D. Cal. Apr. 22, 2021).

[53] *See Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000) (defendant's own affidavit that a witness would have provided helpful testimony, without an affidavit from the actual witness, was insufficient to prove ineffective assistance); *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." (footnotes omitted)).

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 10 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 10 of 15

Brandner, and of Mr. Brandner's wife that were filed in 2016 in support of a motion for reconsideration.[54] Mrs. Brandner stated that she was prepared to testify, but that trial counsel made a last-minute decision not to call her as a witness.[55] Mr. Brandner's declaration reflects that trial counsel had indicated that Mrs. Brandner was "too much of a 'live wire' and that he did not want to 'risk' putting her on the stand."[56] Assuming, *arguendo*, that was the reason for not calling Mrs. Brandner as a witness, it was a sound strategic decision to not put an unpredictable witness on the stand. Moreover, it does not appear that Mrs. Brandner's proposed testimony would have been admissible; she proposed testifying not as to facts relevant to the trial, but instead as to her emotions about the prosecution of her husband and her belief that his actions were justified.[57]

As to Mr. Brandner being called as a witness, his prior declaration does not set forth what the specifics of his testimony would have been. Instead, he declared only that he would "explain to the jury my side of how I came to take the funds to Central America, what my intentions were with regard to safeguarding the marital funds . . . how I came to hire Saranello as my attorney and why I relied

---

[54] Docket 279; Docket 280; Docket 281.

[55] Docket 280 at 1–2, ¶¶ 2, 3.

[56] Docket 281 at 3, ¶ 7.

[57] Docket 280 at 2, ¶¶ 5, 6.

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 11 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 11 of 15

on him for financial, legal, and tax advice."[58] Moreover, Mr. Brandner had a constitutional right to testify regardless of his counsel's recommendation. "Although the ultimate decision whether to testify rests with the defendant, he is presumed to assent to his attorney's tactical decision not to testify," but he "can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer. Thus, waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so."[59] If Mr. Brandner sought to testify, he could have so notified the Court at trial.

As to Terry Draeger not being called as a witness, the Court has reviewed Mr. Draeger's testimony from the first trial.[60] Mr. Brandner asserts that his first trial attorney's "cross-examination and questioning of [Mr. Draeger] at the first trial resulted in his testimony being favorable to Defendant Brandner."[61] However, Mr. Draeger was never cross-examined during the first trial. Mr. Draeger was the last government witness called on the seventh day of trial, November 14, 2014.[62] The direct examination of Mr. Draeger lasted until the end

---

[58] Docket 281 at 2, ¶ 5.

[59] *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) (internal citations omitted).

[60] Docket 171 at 199–260

[61] Docket 379 at 9.

[62] Docket 171 at 199.

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 12 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 12 of 15

of trial that day. Overnight, Mr. Brandner's first counsel suffered a medical emergency, and the first trial was never resumed.[63] Accordingly, the record shows that first trial counsel never cross-examined Mr. Draeger, or that the cross-examination resulted in favorable testimony for the defense. Moreover, the fact that the government elected not to call Mr. Draeger as a witness in the second trial does not lead to the conclusion that his testimony would have been favorable to the defense.

Regardless of first trial counsel's planned trial strategy, second trial counsel was not required to adopt or follow the same strategy. Mr. Brandner makes no attempt to rebut the longstanding rule that trial strategy, including whether to call particular witnesses, "rests upon the sound professional judgment of the trial lawyer."[64] Mr. Brandner has offered no evidence or argument to establish that his counsel's strategic trial decisions failed to meet an objective standard of reasonableness.

## VII. Counsel was not ineffective for failing to arrange for substitute counsel as alleged in Claim 6.

Mr. Brandner contends that first trial counsel "had a duty to make arrangements for substitution of counsel" when he could not continue at trial, and

---

[63] Docket 158 (minute entry).

[64] *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 13 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 13 of 15

that his failure to do so constituted ineffective assistance.[65] This assertion is unsupported by citation to any rule or caselaw, and without an affidavit from an attorney stating that that attorney could have substituted as lead counsel mid-trial, this claim is entirely unsupported by the record. Moreover, by "repeatedly insisting that the Court continue trial to a date when he was medically capable of proceeding,"[66] trial counsel was following the requests of Mr. Brandner, who at that time—and to this day—asserts that he wanted that specific attorney to represent him in trial.[67]

## CONCLUSION

For the foregoing reasons, the Court finds that Mr. Brandner is not entitled to relief based on either ineffective assistance of counsel or a violation of constitutional rights. Therefore, IT IS ORDERED that the motions at Dockets 379 and 414 are DENIED. The Court further finds that Mr. Brandner has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[68] Mr.

---

[65] Docket 414 at 9.

[66] Docket 414 at 9.

[67] *See* Docket 281 at 1, ¶ 2; Docket 379 at 5, 7; Appellant's Opening Br. (Mar. 3, 2017) (Ninth Cir. Case No. 16-30103, Docket 56); Appellant's Reply Br. (Aug. 28, 2017) (Ninth Cir. Case No. 16-30103, Docket 77).

[68] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 14 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 14 of 15

Brandner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 3rd day of August, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

and citations omitted)).

Case No. 3:13-cr-00103-SLG, *United States v. Brandner*
Order Re 28 U.S.C. § 2255 Motions
Page 15 of 15
Case 3:13-cr-00103-SLG-MMS   Document 447   Filed 08/03/21   Page 15 of 15